IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KATHY HAYDUK,            :
                         :
      Plaintiff,          :
                         :
v.                     :      CIVIL ACTION NO.
                         :      1:13-CV-1113-RWS
U.S. BANK, N.A. and     :
MORTGAGE ELECTRONIC  :
REGISTRATION SYSTEMS, INC.,  :
                         :
      Defendants.     :

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [2] and Plaintiff's Motion to Remand to State Court [6].  After reviewing the record, the Court enters the following Order.

### Background

On September 8, 2009, Plaintiff purchased real property located at 5667 Pinedale Circle, Sugar Hill, Georgia 30518 ("Property") financed by a Promissory Note ("Note") in the amount of $238,641.  (Compl., Dkt. [1-2] ¶ 23; Security Deed, Dkt. [1-1] at 2.)  Plaintiff executed the Note in favor of Hometown Equity Mortgage of St. Louis, Inc., who then assigned it to U.S. Bank, N.A.  ("U.S. Bank").  (Note, Dkt. [4-2].)  The loan was secured by a

Security Deed executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS").  (Security Deed, Dkt. [1-1].)  MERS later assigned its interest in the Security Deed to U.S. Bank.  (Transfer and Assignment of Deed to Secure Debt, Dkt. [2-4].)  Aside from the above facts, it is unclear which events in the Complaint relate to this particular case because nearly all of Plaintiff's allegations describe how MERS and U.S. Bank committed systemic wrongdoing in the mortgage industry.

Plaintiff filed a Voluntary Bankruptcy Petition [2-5] on March 5, 2012, and then filed this action in Gwinnett County Superior Court on February 28, 2013, against U.S. Bank and MERS.  (Compl., Dkt. [1-2].)  Defendants removed to federal court on April 4, 2013, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441 and 1446.  (Notice of Removal, Dkt. [1].)

## Discussion

## I.    Motion to Remand

"A removing defendant bears the burden of proving proper federal jurisdiction."  Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008) (internal quotes and citation omitted).  Moreover, "[a]ny

AO 72A
(Rev.8/82)

doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Id. (citation omitted).

The removal statute provides for the removal of a civil action from state to federal district court if the action is within the "original jurisdiction" of the federal courts. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant or the defendants . . . to the district court of the United States . . . ."). "Thus, a defendant may generally remove a civil action that raises a federal question, see 28 U.S.C. § 1331, or that involves an amount in controversy exceeding $75,000 between citizens of different states, see 28 U.S.C. § 1332, because both types of cases grant federal district courts 'original jurisdiction.' " Keene v. Auto Owners Ins. Co., 78 F. Supp. 2d 1270, 1273 (S.D. Ala. 1999).

Plaintiff argues that the Court lacks subject matter jurisdiction over this case and that removal was improper. Her arguments in support of remand, however, are unavailing. First, the Court finds no flaw in the removal because it was timely and properly filed, and both Defendants consented to removal. The Court further finds that it has subject matter jurisdiction because the parties

are diverse and the amount in controversy exceeds $75,000.  Plaintiff is a

Georgia resident while U.S. Bank is a resident of Ohio and MERS is a citizen of

Virginia and Delaware.  The value of the Security Deed is $238,641 (Dkt. [1-1]

at 2), well above the requirement for this Court to exercise original jurisdiction.

See Waller v. Prof'l Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961)[1] (stating that

"when the validity of a contract or a right to property is called into question in

its entirety, the value of the property controls the amount in controversy").  And

even if the requirements for diversity were not met, the Court would have

federal question jurisdiction because Plaintiff asserts causes of action under

numerous federal laws, including the Fair Debt Collection Practices Act, the

Truth in Lending Act, the Real Estate Settlement Procedures Act, the

Counterfeit Detection Act, and several constitutional provisions.

 Plaintiff also argues that she did not consent to removal, but a plaintiff's

consent is not required to remove.  Only the consent of Defendants is required.

See Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1044 (11th

Cir. 2001) (holding that in cases with multiple defendants, the consent of all

---

[1] The U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent the decisions of the U.S. Court of Appeals for the Fifth Circuit decided prior to October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

defendants is required).  Finally, Plaintiff argues that removal was improper because O.C.G.A. § 44-2-60 grants Georgia superior courts exclusive jurisdiction over cases related to the recording and registration of deeds.  But Georgia's statute granting superior courts exclusive jurisdiction within Georgia does not deprive this Court of jurisdiction.  See Davidson v. Mortgage Electronic Registration Systems, Inc., No. 3:12-cv-47-TCB, 2012 WL 6971002, at * 6 (N.D. Ga. May 7, 2012) (citing Marshall v. Marshall, 547 U.S. 293, 314 (2006)) (holding that O.C.G.A. § 44-2-60 "does not strip this Court of jurisdiction").  Therefore, Plaintiff's Motion to Remand [6] is due to be **DENIED**.

## II.   Motion to Dismiss

### A.   Legal Standard

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint."  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted).  Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff.  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555-56 (2007) (internal citations omitted).  However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Twombly, 550 U.S. at 561 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."

D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R.

Civ. P. 12(d).  However, documents attached to a complaint are considered part

of the complaint.  Fed. R. Civ. P. 10(c).  Documents "need not be physically

attached to a pleading to be incorporated by reference into it; if the document's

contents are alleged in a complaint and no party questions those contents, [the

court] may consider such a document," provided it is central to the plaintiff's

claim.  D.L. Day, 400 F.3d at 1276.  At the motion to dismiss phase, the Court

may also consider "a document attached to a motion to dismiss . . . if the

attached document is (1) central to the plaintiff's claim and (2) undisputed."  Id.

(citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)).  "'Undisputed'

means that the authenticity of the document is not challenged."  Id.

Finally, because Plaintiff is acting pro se, her "pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th

Cir. 1998).  "This leniency, however, does not require or allow courts to rewrite

an otherwise deficient pleading in order to sustain an action."  Thomas v.

Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

7

AO 72A
(Rev.8/82)

B.     Analysis

Defendants argue that the Complaint constitutes an impermissible shotgun pleading that fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  The typical shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).  The term also refers to pleadings that are "replete with factual allegations and rambling legal conclusions."  Osahar v. U.S. Postal Service, 297 F. App'x 863, 864 (11th Cir. 2008).  The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket."  PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010).  Indeed, shotgun pleadings require the court to sift through rambling and often incomprehensible allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." Id. (citation omitted).  The Eleventh Circuit thus has established that shotgun

8

pleading is an unacceptable form of establishing a claim for relief.  <u>Strategic Income Fund</u>, 305 F.3d at 1296.

Many of Plaintiff's allegations are replete with factual allegations that do not seem to be directly connected to Defendants' actions in this case.  Plaintiff does clearly level general allegations at MERS and U.S. Bank, but the allegations appear to condemn the general business practices of these entities.[2] The Court is unable to identify how any of Defendants' specific actions led to any harm in Plaintiff's particular situation.  To the extent that Plaintiff does allege facts relating to her circumstances, many of them are legal conclusions that fail to satisfy the pleading standards articulated in <u>Twombly</u> and <u>Iqbal</u>.

In sum, the Court cannot identify how the events related to Plaintiff's loan give rise to any causes of action against Defendants.  Typically, "where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least

---

[2]In her request for relief, Plaintiff does not ask for any specific remedy related to her particular circumstances.  Instead she references widespread fraud and states that this action "is my way of taking a stance and fighting back against the institutionalization of hypocrisy and deviant behavior on the part of the Banks." (Compl., Dkt. [1-2] at 42.)

one chance to amend the complaint."  Habib v. Bank of America Corp., No.

1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *5 n.3 (N.D. Ga. Mar. 15,

2011).  Here, Plaintiff attempted to amend her Complaint after Defendants filed

their Motion to Dismiss [2] by filing an Addendum Addressed to the Equity

Side of the Court [8], an Addendum to the Complaint [10], and an Affidavit of

Truth [11].

      The Court finds that none of the proposed amendments cures the

deficiencies of Plaintiff's Complaint.  The first two filings consist of legal

arguments that do not substantially alter the allegations of her Complaint.

Plaintiff's Affidavit of Truth [11], however, does contains factual allegations

related to her loan modification negotiations with U.S. Bank.  Plaintiff states

that she "started asking the Defendant, US BANK, to modify our loan back in

the beginning of 2010."  (Dkt. [11] ¶ 1.)  She "made two of the three required

payments for the modification," but after finding the final modification terms

unacceptable, Plaintiff "sent the papers back requesting a lower interest rate and

lower payment."  (Id.)  She expresses her frustration with her negotiations with

U.S. Bank and alleges that U.S. Bank made mistakes in handling her

paperwork.  (Id. ¶¶ 1-10.)  U.S. Bank also continued to advertise the dates of

proposed foreclosure sales while it considered modifying Plaintiff's loan.  (Id. ¶¶ 1, 5-7.)

It is unclear from the Complaint or from the Affidavit of Truth [11] precisely what claims Plaintiff intends to assert against Defendants.  While Plaintiff, like many others, has faced significant hardship in her attempts to modify her loan to avoid foreclosure, she does not appear to allege any particular duty Defendants owed to her or how they breached it.  To the extent that Plaintiff wishes to state a claim for wrongful foreclosure, under Georgia law she must demonstrate: (1) a legal duty owed to her by the foreclosing party; (2) a breach of that duty; (3) a causal connection between the breach of that duty and the injury she sustained; and (4) damages.  Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004).  Apparently, no foreclosure has yet taken place.  Therefore, "Plaintiff[] may not state a claim for wrongful foreclosure when no foreclosure sale has actually occurred."  Edwards v. BAC Home Loan Servicing, L.P., No. 1:11-CV-2645-RWS, 2012 WL 4327052, at *1 (N.D. G.a. Sept. 14, 2012).

And to the extent that Plaintiff seeks to hold Defendants liable for their unwillingness to modify her loan on more favorable terms, under Georgia law

11

"seeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure." <u>Moore v. McCalla Raymer, LLC</u>, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013); <u>see also</u> <u>Miller v. Chase Home Fin., LLC</u>, 677 F.3d 1113, 1117 (11th Cir. 2012) (holding that plaintiff could not hold defendant liable "under a theory of promissory estoppel for declining to issue him a permanent loan modification" when defendant had not made a promise upon which plaintiff reasonably relied). Because Plaintiff has already attempted to amend her Complaint but has nevertheless failed to state a claim, Defendants' Motion to Dismiss [2] is **GRANTED**.

**Conclusion**

In accordance with the foregoing, Plaintiff's Motion to Remand to State Court [6] is **DENIED**, and Defendants' Motion to Dismiss [2] is **GRANTED**.

**SO ORDERED**, this  23rd  day of December, 2013.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)